Johnson, J.
Generally all contracts made by infants tíre either void or voidable. The exceptions to this jute *258 ' consists of contracts for his benefit: and even amongst these, the only one, perhaps, by which he is absolutely bound, is for necessaries. (3 Bacon, Inf. and Age, Letters F and I.)
• It is true, as is contended for in support of the motion, that an infant is liable for torts; and it is concluded that therefore he is liable on his contract to make compensation for the injury, as beneficial to himself. — If we give to this argument the greatest latitude, the conclusion must fail for the want of proof; for it would be difficult, if not impossible, in most cases, to ascertain the precise quantum of injury. The reasons of the rule, which exempts infants from their liability on contracts, is founded on their supposed want of capacity and discretion, and the law is so careful of the rights of infants that they are protected from contracts to pay extravagant prices even for necessaries, (3 Bacon, Tit.. Inf. Age, I. 593.) And if the agreement be tested by this reason it must at once fall to the ground; for surely it must require at least as much capacity and discretion to contract about a tort, as about the ordinary concerns of life. The fact that the consideration of the note in question was a compensation for a tort, is an assumption not warranted by the evidence. It is true that the award was on a matter of that sort, but an infant is not bound by a submission to an award;it could not therefore constitute evidence of the fact. Kyd on Awards 35. Motion granted.
Harrison and Shanlclin, for the motion.
. -, contra.